Filed 6/27/14  P. v. Ramirez CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D065108 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. Nos. CR95616, CR95617) |
| ANTONIO RAMIREZ RAMIREZ, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Frederic C. Link, Judge.  Affirmed.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

I.

INTRODUCTION

In 1988, Antonio Ramirez Ramirez pled guilty to two counts of selling marijuana (Health & Saf. Code, § 11360).[1]  The trial court suspended imposition of sentence and placed Ramirez on probation, subject to the condition that he serve 270 days in jail.

In 2013, Ramirez filed a motion to vacate the judgment of conviction.  In his motion, Ramirez contended that his guilty pleas were invalid because the trial court and defense counsel had failed to properly advise him of the adverse immigration consequences of his pleas.  After a hearing, the trial court denied the motion.

Appointed appellate counsel filed a brief presenting no argument for reversal, but inviting this court to review the record for error in accordance with *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  After having independently reviewed the entire record for error as required by *Anders v. California* (1967) 386 U.S. 738 (*Anders*) and *Wende,* we affirm.

II.

FACTUAL AND PROCEDURAL BACKGROUND

In June 1988, in case number CR95616, the People charged Ramirez with sale of marijuana (§ 11360, subd. (a)) (count 1), and giving false information to a police officer

---

[1]     Unless otherwise specified, all subsequent statutory references are to the Health and Safety Code.

(Pen. Code, § 148.9, subd. (a)) (count 2). Also in June 1988, in case number CR95617, the People charged Ramirez with sale of marijuana (§ 11360, subd. (a)) (count 1).

That same month, the trial court held a joint guilty plea hearing with respect to both cases. In CR95616, Ramirez pled guilty to sale of marijuana (§ 11360, subd. (a)) (count 1) in exchange for dismissal of count two and a promise that he would serve local time concurrent with any sentence imposed in case number CR95617. In CR95617, Ramirez pled guilty to sale of marijuana (§ 11360, subd. (a)) (count 1) in exchange for local time and a concurrent sentence with respect to CR95616. At a joint sentencing hearing, the trial court suspended imposition of sentence in both cases, and placed Ramirez on probation, conditioned upon him serving an aggregate term of 270 days in county jail.

On August 7, 2013, Ramirez filed a motion to vacate the judgment of conviction in which he sought to withdraw his pleas in both cases. Ramirez claimed he had been denied his right to effective assistance of counsel when he pled guilty because he had not been advised that the guilty pleas would result in his removal from the United States. Ramirez supported his motion with a copy of the transcript from his plea hearing, a copy of the plea agreements, his own declaration, copies of documents of immigration

proceedings ordering his removal from the United States, and two trial court orders granting Ramirez's petition for dismissal of his convictions in CR95616 and 95617.[2]

The prosecution filed an opposition to the motion and the trial court held a hearing on the motion. At the conclusion of the hearing, the trial court orally denied the motion.

In December 2013, Ramirez appealed from the order denying his motion to vacate the judgment. With his notice of appeal, Ramirez filed a request for a certificate of probable cause. In his request, Ramirez explained that he wanted to challenge the constitutional validity of his guilty pleas on appeal. The trial court denied the request for a certificate of probable cause.

In January 2014, this court issued an order that states in relevant part, "Appellant's request[] for [a] certificate of probable cause [was] denied, so the issues on appeal are limited to sentencing questions or other matters after the plea . . . ."

III.

DISCUSSION

Appointed appellate counsel has filed a brief summarizing the facts and proceedings in the trial court. Counsel presented no argument for reversal but invited this court to review the record for error in accordance with *Wende, supra,* 25 Cal.3d 436. Pursuant to *Anders, supra,* 386 U.S. 738, counsel identified the following as possible, but not arguable, issues:

---

[2]    At the hearing on Ramirez's motion to vacate the judgment, counsel explained that the prior orders granting Ramirez's petition for dismissal of the conviction were not sufficient to prevent his removal from the United States.

4

"Whether the trial court erred by denying appellant's motion to withdraw his guilty pleas because he was denied effective assistance of counsel at the time he entered the pleas because he was not advised the pleas would result in his deportation and exclusion from the United States"

After this court received counsel's brief, we gave Ramirez an opportunity to file a supplemental brief. Ramirez has not filed a brief.

A review of the record pursuant to *Wende, supra,* 25 Cal.3d 436, and *Anders, supra,* 386 U.S. 738, including the issue suggested by counsel concerning the validity of the pleas,[3] has disclosed no reasonably arguable appellate issue. Ramirez has been adequately represented by counsel on this appeal.

IV.

DISPOSITION

The order denying the motion to vacate the judgment of conviction is affirmed.

AARON, J.

WE CONCUR:

BENKE, Acting P. J.

NARES, J.

[3]    As we noted in our January 2014 order, in light of the denial of Ramirez's request for a certificate of probable cause, the "issues on appeal are limited to sentencing questions or other matters occurring after the plea . . . ."

5